# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL F. POLISHAN**, | : | CIVIL ACTION NO. 1:10-CV-1893 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **H.L. HUBBARD**, Warden, FCI Schuylkill, | : | |
| Respondent | : | |

## MEMORANDUM

On September 9, 2010, Paul F. Polishan ("Polishan") filed this petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, seeking "additional months of residential reeentry center ("RRC") placement as an incentive for his extensive participation in the BOP skills development program. . . ." in accordance with 42 U.S.C. § 17541, a provision in the Second Chance Act of 2007. (Doc. 1, at 1.) For the reasons set forth below, the petition will be denied.

## I. Background

Polishan, a federal inmate incarcerated at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania, "was sentenced on January 18, 2002, in the United States District Court for the Middle District of Pennsylvania, to a 108-month term of imprisonment for conspiracy to defraud the United States, making false statements in connection with security filings, use of deceptive devices in connection with purchase and sale of security by I/S commerce and mails, bank

fraud, and wire fraud." (Doc. 5-2, Declaration of Rick Painter ("Painter Decl."), at ¶ 3.) His projected release date is July 11, 2011. (Id. at ¶ 4).

On April 9, 2008, subsequent to Polishan's sentencing, the Second Chance Act of 2007, Pub. L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 (the "Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, was signed into law. The Act increases the possible length of pre-release placement in an RRC from six to twelve months and requires the Bureau of Prisons ("BOP") to make an individual determination that ensures that the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C) (Apr. 9, 2008). In accordance with the statute, regulations were issued within ninety days of the date of the enactment of the Second Chance Act, to ensure that placement in a community correctional facility by the Bureau of Prisons is conducted in a manner consistent with section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community. 18 U.S.C. § 3624(c). Section 3621(b) states as follows:

> (b) Place of imprisonment. The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
> 
> (1) the resources of the facility contemplated;
> 
> (2) the nature and circumstances of the offense;

2

> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence-(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) title 28 . . .
>
> . . . Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment.

Following the passage of the Second Chance Act, the BOP issued two guidance memoranda dated April 14, 2008 (Doc. 5-2 at 6-) and November 14, 2008, both of which required approval from the Regional Director for RRC placements of longer than six (6) months. Interim regulations passed on October 21, 2008, state that "[i]nmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months." 28 C.F.R. § 570.21(a) (see Doc. 5-4 at 16-19, Copy of 10/21/08 Interim Regs.). Moreover "[i]nmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. § 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part." 28 C.F.R. § 570.22. The regulations do not

include a requirement that the Regional Director approve pre-release RRC placement beyond six-months.

Recommendations for RRC placements ordinarily are reviewed with the inmate and the Unit Team seventeen (17) to nineteen (19) months before the inmate's probable release date. (Doc. 5-2, Painter Decl., at ¶ 5.) Referrals are then forwarded to the Community Corrections Manager ("CCM") at least sixty (60) days prior to the maximum recommended range or date. (Id. at ¶ 6 (citing BOP Program Statement ("P.S.") 7310.04, Community Corrections Center Utilization and Transfer Procedures ).

On September 28, 2009, Polishan's Unit Team reviewed his file for RRC placement, and considered the five criteria set forth in Section 3621(b), as well as his need for services, public safety, and the necessity of the Bureau to manage its inmate population. Based upon this review, the Unit Team recommended RRC placement of 180 days. (Doc. 5-4 at 1-2.) The Warden approved this recommendation. (Id.) "This recommendation was based on the facts that Polishan has secured residency with his wife, is not indigent, has maintained a clear disciplinary record while incarcerated, has employable skills and has a strong support system at home. Although Polishan has taken numerous programming classes, he does not have any unusual need for an extended RRC placement length." (Doc. 5-2, Painter Decl., ¶ 8.)

Polishan primarily takes issue with the fact that, despite having completed extensive skills development programs, he was not considered for an incentive

reward in accordance with 42 U.S.C. § 17541. (Doc. 6, at 3.) Section 17541 was created as a part of the Second Chance Act, and by its plain language requires the BOP to "provide incentives for prisoner participation in skills development programs." 42 U.S.C. § 17541(a)(1)(G). One such incentive may, "at the discretion of the [BOP]" include "the maximum allowable period in a community confinement facility." 42 U.S.C. § 17541(a)(2)(A).

Prior to filing the instant petition, Polishan fully exhausted his administrative remedies. (Doc. 1-2, at 2-25; Doc. 5, fn. 2.)

## II. Discussion

Section 2241 "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.' " Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). The federal habeas statute also requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989)). Section 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," Coady, 251 F.3d at 485. (quoting 28 U.S.C. §§ 2241(a) and (c) (3)). This includes a challenge to the BOP's decision to exclude an inmate from release to an RRC. Woodall v. Fed. Bureau of Prisons, 432

5

F.3d 235, 242-44 (3d Cir. 2005) (quoting Jimian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001)).

In his reply, Polishan stated the following with respect to the relevant issues:

> Petitioner and Respondent are in agreement with regard to all material facts and most points of applicable law.
>
> To begin with, "Respondent concedes that. . . . Polishan has effectively exhausted administrative remedies before he filed his habeas corpus petition." ( Response at 2, fn. 2).
>
> Moreover, in a basic sense, Respondent correctly understand[s] that it is Mr. Polishan's position that "the Bureau of Prisons (BOP) refused to consider him for additional placement time in a Residential Re-entry Center1 (RRC) by virtue of an incentive provision within the Second Chance Act of 2007 for his participation in prison skills development programs." ( Response at 1).
>
> The Parties agree about the basic points of law that apply here. For example, Petitioner agrees with Respondent that the "BOP maintains discretion under the Second Chance Act to determine appropriate placement in RCC based on inmate assessment." (Response at 5). Likewise, Petitioner agrees with Respondent that "the statute under which the Second Chance Act requires the BOP to provide incentives to reward prisoners' participation in skills development programs merely authorizes the BOP to make maximum RRC placement an incentive, at its own discretion. [See , 42 U.S.C. §§ 17541(a)(1)(G) and (a)(2)(A).] [And] there is no requirement that the BOP award a maximum RCC [sic] placement to an inmate that has completed a skills development program." (Response at 11).
>
> . . .
>
> Nonetheless, Respondent misunderstands key aspects of Petitioner's position in this action. For example, the Respondent incorrectly concludes that "Polishan avers that because he has completed extensive skills development programs while incarcerated, the BOP is required to reward him with additional RRC time as an incentive. [].

(Response at 11). Polishan does not aver that the BOP is required to give him an incentive reward; rather, Polishan submits that BOP must consider giving him an incentive reward. The problem is, the BOP refuses to consider giving such an incentive reward to Mr. Polishan.

(Doc. 6, at 2-3.)

This precise issue was addressed by the Honorable Sylvia H. Rambo in the case of <u>Krueger v. Martinez</u>, 665 F. Supp. 2d 477 (M.D. Pa. 2009), and disposed of in the following manner:

> The court agrees that the language [of] § 17541 vests discretion with the BOP concerning the type of incentives to award. <u>See</u> 42 U.S.C. § 17541(a)(2)(A). However, the language clearly requires the establishment of an incentive program rewarding a prisoner's participation in skills development programs. <u>See</u> <u>id.</u> § 17541(a)(1)(G). Moreover, the fact that Congress specifically suggested one such incentive may be "the maximum allowable period in a community confinement facility" is illustrative of the types of incentives the BOP should consider.
>
> . . .
>
> The various responses received by Krueger inconsistently assert that either no incentive program exits [sic], that one does exist and that there is an incentive of a full 12-month placement in an RRC facility, or that Krueger's accomplishments are merely part of the § 3621(b) factors considered for all inmates. Thus, it is unclear whether the BOP has implemented, or is in the process of implementing, an incentive program. Whatever the case may be, it is clear to this court that Congress intended that the BOP create incentives for a prisoner's participation in skills development program, <u>see</u> 42 U.S.C. § 17541(a)(1)(G), and that one of those incentives may be a 12-month placement in an RRC facility. <u>See id.</u> § 17541(a)(2)(A). Moreover, this consideration of incentives was clearly intended to be separate and distinct from the consideration under 18 U.S.C. § 3624(c) otherwise it would have been superfluous for Congress to have created an entirely distinct statutory framework. Because it is unclear whether the BOP ever separately considered a full RRC placement as an incentive under § 17541(a)(1)(G) for Krueger's skills development and educational achievements, the court will order Respondent to consider Krueger, in good faith, for a full 12-month RRC

placement as an incentive under § 17541 separately from its determination under 18 U.S.C. § 3624(c).

(Id. at 485-86). In the matter *sub judice*, review of the BOP's responses to Polishan's requests for administrative relief reveals that the BOP failed to separately consider a full RRC placement as an incentive under § 17541(a)(1)(G). Consequently, the court will order the BOP to consider Polishan, in good faith, for a full 12-month RRC placement separate and apart from the 18 U.S.C. § 3624 determination.

### III.  Conclusion

Based on the foregoing, the petition will be granted and the BOP will be ordered to consider separately, and in good faith, whether Polishan should be awarded a 12-month RRC placement as an incentive for his participation in BOP skills development programs.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:  January 6, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL F. POLISHAN**, | : | CIVIL ACTION NO. 1:10-CV-1893 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **H.L. HUBBARD**, Warden, **FCI Schuylkill**, | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 6th day of January, 2011, in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is GRANTED.

2. Respondent shall consider forthwith, separately and in good faith, whether petitioner should be awarded a 12-month RRC placement as incentive for his participation in BOP skills development programs in accordance with 42 U.S.C. § 17541(a)(1)(G).

3. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge